# Hurt v. Bell.

(Decided June 21, 1938.)

KENNEDY & KENNEDY for appellant.

E. BERTRAM and DUNCAN & DUNCAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

E. P. Bell and I. N. Hurt, as respective nominees of the Democratic and Republican parties, were rival candidates for jailer of Wayne county at the regular election held in November 1937. The latter having received the majority of votes cast at such election, the election commissioners upon completing a tabulation of the returns made out a certificate of election for him and left it in a book kept for that purpose in the office of the county court clerk.

Thereafter, Bell instituted this contest proceeding alleging in his petition that the contestee had not filed his certificate of nomination with the county court clerk and that he was not entitled to have his name printed on the ballots and that all votes cast for him and the certificate of election made out for him were illegal and void; and further that contestee and other Republican candidates entered into a conspiracy to and did use money and other things of value to corrupt and bribe voters in violation of the Corrupt Practice Act.

By answer the contestees traversed the allegations of the petition and alleged that he did file his certificate of nomination as required by law and as counter grounds of contest affirmatively alleged violations of the Corrupt Practice Act by contestant similar to those charges against appellee in the petition.

A reply traversing the affirmative allegations of the answer completed the issues. The pleadings in this case are identical in all material respects with the pleadings in the case of Isaac Walker, appellant, v. J. C. Horton, appellee, and seven other cases this day decided, 274 Ky. 310, 118 S. W. (2d) 781, and it was agreed that the depositions taken in so far as pertinent might be read and considered in all the cases. The facts are fully stated in the opinion in Walker v. Horton and other cases, and any reiteration will be ren-

**320**

dered unnecessary by reference to that opinion. A special judge presided in this and one of the cases disposed of in that opinion. He held, as did the regular judge in the other cases, that there was not sufficient evidence to show that either the contestants or the contestees violated the Corrupt Practice Act, Kentucky Statutes, sec. 1565b-1 et seq., and so adjudged.

Appellant and contestee below had no opposition in the primary and therefore it was the duty of the clerk under section 1550-9, Kentucky Statutes, when the time for filing notification and declaration had expired to deliver to him a certificate of nomination. Both the regular and special judge held that in the absence of proof on the question and in harmony with the prevailing rule it would be presumed that the clerk discharged his duty in this respect. There is proof that the clerk did not deliver the certificates to the candidates so the presumption to that extent would not prevail. Both judges treated the evidence as showing that J. C. Davis requested the clerk to file certificates of nomination for some of the Republican nominees, but in this case it was held that a request did not include certificates of nomination made out by the county clerk; but the regular judge in the cases in which he presided held otherwise. While the evidence of Mr. Davis and other witnesses concerning the matter is not as full and clear as it might be, it is apparent that his request applied to all the certificates of nomination, and as held in the opinion in the appeal of the other cases, it is our conclusion that there was a sufficient compliance with the law as respects the filing of the certificates of nomination in this as well as in all the other cases.

Wherefore, the judgment is reversed with directions to enter judgment in conformity with this opinion.

Whole court sitting, except Clay, J., who was absent.